FILED
COURT OF APPEALS
DIVISION II

2014 JUL 22 AM 10: 20

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Estate of:

CATHERINE HENINGTON,

Deceased.

No. 44246-9-II

PUBLISHED IN PART OPINION

MELNICK, J. — Richard Wills, the personal representative (PR) of Catherine Henington's estate, challenges the trial court's order closing the estate and distributing its assets to her heirs. He argues that the trial court erred when it (1) denied three creditor's claims as time barred and (2) failed to withhold a reserve for paying taxes and penalties. Additionally, both Mr. Wills and the respondent, Roy Henington, the decedent's estranged husband, seek attorney fees on appeal. In the published part of this opinion, we hold that the filing of creditor's claims did not toll the statute of limitations; however, because there is insufficient evidence in the record regarding the exact nature of the claims, we remand to the trial court to determine whether they are time barred. In the unpublished part of this opinion, we hold that the trial court erred when it failed to withhold a reserve because insufficient evidence existed to show that all the taxes had been paid. We remand for the trial court to reconsider the creditor's claims and whether taxes are owed. We do not award attorney fees to either party on appeal.

## FACTS

Ms. Henington died testate on March 15, 2008, at which time she and her husband, Roy Henington, were estranged. Ms. Henington's will left her entire estate, with the exception of Mr. Henington's share of the community property, to the daughter she had with Mr. Henington.

Initially appointed as the PR, Mr. Henington subsequently had his attorney, Mr. Wills, succeed him as the PR.

Mr. Wills published a probate notice to creditors on April 2, 2008. On May 15, 2008, the estate received three creditor's claims from Leonard Bradley, Ms. Henington's father: one from 2003 for $9,446.12 that Ms. Henington had been paying off before her death, one from 2008 for $4,000, and another from 2008 for $300. Mr. Wills took no action on these claims. The estate also received two creditor's claims from Ford Motor Company, both of which were rejected, and a creditor's claim from Evergreen Bank, which the estate paid.

The Internal Revenue Service (IRS) also sent the PR notice that Ms. Henington had not paid her personal income taxes for the four years before her death. Consequently, the estate paid Ms. Henington's personal income taxes and the estate's taxes. Mr. Henington wanted to file joint returns, so Mr. Wills sent the returns to Mr. Henington for his signature. Mr. Henington did not reply, so Mr. Wills eventually filed the joint returns without Mr. Henington's signature. A few months later, Mr. Henington signed the returns and filed them with the IRS.

In August 2012, Mr. Wills filed in the trial court a "Final Report & Account & Petition for Distribution." Clerk's Papers at 4. The petition alleged that the estate was insolvent and that it should be closed. It requested fees for Mr. Wills's services as PR and asked the court to reserve some of the estate to pay any outstanding IRS liabilities that may come due. The petition then stated that any remaining money should be first used to pay Mr. Bradley's creditor's claims and the balance should be split between Mr. Henington and Mr. and Ms. Henington's daughter.

The superior court commissioner closed the estate and found that Mr. Bradley's creditor's claims were time barred and that all amounts due to the IRS had been paid. The

commissioner further ordered that Mr. Wills's fees be paid out of the estate's assets and the remainder distributed evenly between Mr. Henington and Mr. and Ms. Henington's daughter.

Mr. Wills filed a motion for revision of the commissioner's order, arguing that Mr. Bradley's creditor's claims were not time barred and that the commissioner erred when he found that the estate had paid all amounts due to the IRS. Mr. Wills also sought additional compensation for his services as personal representative. The trial court denied the motion for revision but increased Mr. Wills's fees by $10,000. Mr. Wills appeals the denial of Mr. Bradley's creditor's claims and the failure to set aside a reserve for unpaid taxes.

## ANALYSIS

### I. CREDITOR'S CLAIMS

Mr. Wills argues that the trial court erred when it dismissed Mr. Bradley's creditor's claims as time barred. We hold that the mere filing of a creditor's claim in a probate case, without any further action by the claimant or the PR, does not toll the statute of limitations.

In order to resolve this case, we rely on inter-related statutes from chapter 4.16 RCW and chapter 11.40 RCW. In so doing, we find that the meaning of each of the applicable statutes is plain on its face.

"Statutory interpretation involves questions of law that we review de novo. In construing a statute, the court's objective is to determine the legislature's intent." *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005) (citation omitted). "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Jacobs*, 154 Wn.2d at 600 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). "[T]he plain meaning is . . . derived from what the Legislature

has said in its enactments, but that meaning is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Campbell & Gwinn*, 146 Wn.2d at 11.

RCW 4.16.200 provides: "Limitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are as set forth in chapter 11.40 RCW." A creditor must then follow the claims procedures established in chapter 11.40 RCW or be forever barred from making a claim or commencing an action against the decedent. However, if the claim or action is barred by other applicable statutes, it cannot be pursued. "An otherwise applicable statute of limitations applies without regard to the tolling provisions of RCW 4.16.190."[1] RCW 11.40.051(2).

Contrary to the PR's argument, when read together, this statutory scheme does not state that the filing of a creditor's claim tolls the statute of limitations.[2] Rather, it affirmatively states that limitations on actions apply to chapter 11.40 RCW: Claims Against Estate. RCW 4.16.200; RCW 11.40.051(2). Therefore, we hold that the statute of limitations is not tolled by the mere filing of a creditor's claim against an estate.[3] Tolling occurs when an action is commenced against an estate. RCW 4.16.170.

---

[1] RCW 4.16.190, which tolls the statute of limitations for personal disability, is inapplicable to the present case.

[2] We do recognize that the legislature has the power and authority to include tolling provisions in statutes and, in fact, has done so. *See* RCW 4.92.110 and RCW 4.96.020(4).

[3] We are not deciding whether the statute of limitations is tolled when the parties take action on the claim and petition the court pursuant to RCW 11.40.080(2).

In so ruling, we note that neither the PR nor Mr. Bradley acted on the claims after they were filed in May 2008. The PR did not at any time allow or reject the claim. Mr. Bradley did not serve written notice on the PR or petition the court for a hearing on the matter. *See* RCW 11.40.080(2). Approximately four years of inaction elapsed before the court declared the claims time barred.

In the present case, Mr. Bradley complied with the time limits of RCW 11.40.051 for filing a creditor's claim. However, we are unable to determine from the trial court record whether the statute of limitations has run. The applicable statute of limitations depends on whether the loans were made pursuant to oral or written contracts. RCW 4.16.040, .080. Here, the parties do not agree on the nature of the contracts underlying the loans. Because Mr. Bradley did not have a chance to fully present his creditor's claims to the court, there is insufficient evidence in the record to determine which statute of limitations applies. Accordingly, we remand for the trial court to determine the actual statute of limitations on the creditor's claims.[4]

On remand, the $300 claim must be allowed. A claim that does not exceed $1,000 and is presented in the manner provided in RCW 11.40.070 must be deemed allowed and may not be rejected unless the PR has notified the claimant of rejection of the claim within the later of six months from the date of first publication or two months from the PR's receipt of the claim. RCW 11.40.090(2). The statute is not equivocal; all claims under $1,000 *must* be accepted unless the PR notifies the claimant within a specific time frame. Mr. Wills did not notify Mr. Bradley that he was rejecting this claim within the statutory time frame. Regardless of whether

---

[4] We are not ruling on whether the statute of limitations has run in the interim, leaving that determination to the trial court.

5

the three-year or six-year statute of limitation applies, Mr. Bradley timely filed the $300 claim. Therefore, this claim is automatically allowed under RCW 11.40.090(2).

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

I.    TAXES

Mr. Wills argues that the trial court erred when it closed the estate and distributed it to Mr. Henington and to Mr. and Ms. Henington's daughter without reserving a portion to pay for taxes and penalties. Because the evidence does not show that the estate had paid the entire amount owed in taxes, we agree.

We review challenged findings of fact for substantial evidence. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Substantial evidence is evidence sufficient to persuade a rational, fair-minded person of the finding's truth. *Jones*, 152 Wn.2d at 8.

The trial court found that, according to the PR, the estate had paid all amounts due to the IRS. This finding is not supported by substantial evidence. Although Mr. Wills had filed and paid Mr. and Ms. Henington's joint income tax returns and the estate's income tax returns, he represented to the trial court that he did not have confirmation from the IRS that it had accepted the returns. And he stated that there may be additional taxes because the joint returns were late and Mr. Henington initially failed to sign them. Thus, the record does not show that the estate had paid the IRS all amounts due.

6

The PR retains the power to deal with the taxing authority of any federal, state, or local government and hold a reserve for the payment of any additional taxes, interest, and penalties. RCW 11.68.114 Because it is not clear that the estate has paid all of the taxes, we remand for the trial court to consider whether additional taxes are owed and, if necessary, to allow Mr. Wills to establish a reserve for them.

II.     ATTORNEY FEES

Mr. Wills requests administrative and attorney fees for this appeal. If no compensation is provided for the PR in the will, then the court may allow such compensation as it deems just and reasonable, including compensation for services as an attorney. RCW 11.48.210. The PR may apply to the court at any time for compensation. RCW 11.48.210. RCW 11.96A.150(1) gives us discretion to award attorney fees to any party from any party or from the estate's assets in an amount it deems equitable. In awarding attorney fees, we may consider any and all relevant factors, including whether the litigation benefits the estate. RCW 11.96A.150(1). Here, the estate is likely insolvent. We decline to award additional fees on appeal.

Mr. Henington also requests attorney fees under RAP 18.9 for responding to a frivolous appeal. An appeal is frivolous if it presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). Here, we reverse the trial court's order. Therefore, this appeal is not frivolous and we do not award Mr. Henington attorney fees on appeal.

7

We remand for the trial court to reconsider Mr. Bradley's creditor's claims and whether taxes are owed. Neither party receives attorney fees on appeal.

Melnick, J.

We concur:

Worswick, J.

Johanson, C.J.