# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHRIS A. WALTERS, a single person, and CHRIS A. WALTERS, as Personal Representative for the Estate of Adell G.C. Walters, Deceased,<br><br>      Appellant,<br><br>    v.<br><br>ROBERT S. REYNOLDS, as Personal Representative for the Estate of Patricia Ann Walters, Deceased.<br><br>      Respondent. | DIVISION ONE<br><br>No. 83880-6-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Chris Walters appeals from the superior court's order dismissing with prejudice his amended complaint against Robert Reynolds, as the personal representative of the estate of Patricia Walters. Chris and Patricia, the only children of Adell Walters, were devised in their mother's will the entirety of her estate in equal shares. The will nominated Chris to serve as the personal representative of Adell's estate.

Patricia died in August 2018. Nearly two years later, Chris filed in his individual capacity a creditor's claim against Patricia's estate. He therein asserted that Patricia had wrongfully possessed property belonging to their mother's estate. Following Reynolds' rejection of the claim, Chris filed a complaint in the superior court.

Concluding that Chris was not a reasonably ascertainable creditor of Patricia's estate, the court dismissed the complaint with prejudice. The court additionally granted to Reynolds an award of attorney fees. We conclude that the superior court properly dismissed the complaint. However, because the statute pursuant to which Reynolds requested a fee award did not authorize such a grant, that order must be reversed. Accordingly, we affirm the superior court's dismissal of the complaint and reverse the court's award of attorney fees.

I

Adell Walters died on September 4, 2004. Adell's will devised the entirety of her estate to her two children, Chris Walters and Patricia Walters, in equal shares. Chris was nominated to serve as the personal representative of Adell's estate. However, things did not progress quickly. On November 12, 2013, the Snohomish County Superior Court closed the probate of the estate for want of prosecution.

Patricia Walters died on August 10, 2018. Her husband, Robert Reynolds, was appointed as the personal representative of her estate. The first publication of notice to creditors was accomplished on September 26, 2018.

A year after Patricia's death, on August 12, 2019, Chris's attorney sent a letter to Reynolds alleging that "Patricia had in her possession and control numerous items of significant value" that belonged to Adell's estate and had not been distributed in accordance with Adell's will. The letter requested that Reynolds complete an inventory of such property. It warned that if he failed to do so by August 20, 2019, Chris would "begin working through the Court." Reynolds

did not respond to the letter.

Chris took no further action until August 7, 2020, nearly a year later, when he filed a creditor's claim against Patricia's estate. The creditor's claim, in which "Chris A. Walters" is listed as the sole claimant, asserts that, at the time of Adell Walters' death, Patricia "possessed or controlled a significant portion" of their mother's estate. It further asserts that, following Adell's death, Patricia "increased possession or control" of the estate "by intentionally and deliberately taking possession of additional property and refusing to make all estate property in her control available for inventory or accounting." The claim states that Chris believes "his claim" against Patricia's estate "is at least $204,360.57."

At the time the creditor's claim was filed, the probate of Adell's estate remained closed. Then, on August 21, 2020, the superior court, upon Chris's petition, reopened the probate of the estate "to allow the personal representative to pursue claims relating to estate expenses and property issues which were not done prior to the closing of the estate."

On August 31, 2020, Reynolds filed a notice of rejection of the creditor's claim. Chris thereafter filed a complaint in the superior court, pursuant to RCW 11.40.100.[1] Although the creditor's claim listed Chris in his individual capacity as the sole claimant against Patricia's estate, he filed the complaint both in his individual capacity and as the personal representative of Adell's estate. Chris filed an amended complaint on October 14, 2020.

---

[1] RCW 11.40.100 provides that "[i]f the personal representative rejects a claim, in whole or in part, the claimant must bring suit against the personal representative within thirty days after notification of rejection or the claim is forever barred."

Reynolds was thereafter diagnosed with terminal cancer. On February 1, 2022, in an effort to close Patricia's estate, Reynolds filed a CR 12(b)(6) motion for dismissal of Chris's complaint and amended complaint. Reynolds therein asserted that Chris was not a reasonably ascertainable creditor of Patricia's estate and, thus, that the creditor's claim was time-barred pursuant to RCW 11.40.051. He additionally asserted that the creditor's claim was time-barred by RCW 4.16.080, and that the estate of Adell Walters was not a proper party in the action. Reynolds also requested an award of attorney fees.

On March 1, 2022, the superior court entered an order dismissing the action with prejudice and awarding attorney fees to Reynolds, payable by Chris, in the amount of $2,023.28. The court determined that Reynolds had performed a reasonable review of Patricia's correspondence, during which Chris was not ascertained as a creditor, thus raising a presumption that Chris was not a reasonably ascertainable creditor of Patricia's estate. The court further determined that Chris did not provide the clear, cogent, and convincing evidence necessary to rebut that presumption. Accordingly, the superior court concluded that the creditor's claim was time-barred pursuant to RCW 11.40.051(1)(b)(i). The court additionally concluded that the claim was time-barred by RCW 4.16.080 and that the estate of Adell Walters was not a proper party to the action.

Reynolds died four days later. His sister, Kathleen DePew, was appointed as the personal representative of Reynolds' estate on April 22, 2022. She was appointed as the successor personal representative of Patricia's estate on June 8, 2022.

4

Chris Walters appeals.

II

Chris asserts that the superior court erred by dismissing his complaint against Patricia's estate. We disagree. Because Chris did not present the clear, cogent, and convincing evidence necessary to rebut the presumption that he is not a reasonably ascertainable creditor of the estate, his creditor's claim was time-barred by RCW 11.40.051(1)(b)(i). Chris's claim was additionally time-barred by the three-year statutory limitation period set forth in RCW 4.16.080(2). Finally, because the estate of Adell Walters did not file a creditor's claim against Patricia's estate, Chris's assertion that the complaint was improperly dismissed as to Adell's estate's claim is without merit.

A

We review de novo the dismissal of a complaint on summary judgment, performing the same inquiry as did the trial court. Johnson v. Recreational Equip., Inc., 159 Wn. App. 939, 954, 247 P.3d 18 (2011). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). Generally, on a motion for summary judgment, all reasonable inferences must be considered in the light most favorable to the nonmoving party. Johnson, 159 Wn. App. at 954. "However, when reviewing a civil case in which the standard of proof is clear, cogent, and convincing evidence, [we] 'must view the evidence presented through the prism of the substantive evidentiary burden.'" Woody v. Stapp, 146 Wn. App. 16, 22, 189 P.3d 807 (2008) (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 254, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  Thus, we must determine "whether, viewing the evidence in the light most favorable to the nonmoving party, a rational trier of fact could find that the nonmoving party supported his or her claim with clear, cogent, and convincing evidence."  Woody, 146 Wn. App. at 22.

Reynolds' motion to dismiss was presented as a CR 12(b)(6) motion for failure to state a claim upon which relief can be granted.  However, both Reynolds and Chris submitted affidavits that were considered by the superior court in determining whether Chris was a reasonably ascertainable creditor of Patricia's estate.  When a party submits documents not included in the original complaint for consideration by the court in evaluating a CR 12(b)(6) motion, those submissions "generally convert a CR 12(b)(6) motion into a motion for summary judgment."  McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d 25 (2016); see CR 12(c).[2]  Accordingly, we consider Reynolds' motion as one for summary judgment.

B

We first consider whether the superior court properly dismissed the complaint brought by Chris in his individual capacity.  Because the creditor's claim, which lists "Chris A. Walters" as the sole claimant, is time-barred pursuant to both RCW 11.40.051(1)(b)(i) and RCW 4.16.080(2), we conclude that the court properly dismissed the complaint.

---

[2] CR 12(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."

6

1

Chris first asserts that the superior court erred by dismissing his complaint against Patricia's estate as time-barred pursuant to RCW 11.40.051(1)(b)(i). We disagree. Even considering the evidence in the light most favorable to Chris, as we must do, Chris did not provide clear, cogent, and convincing evidence to rebut the presumption that he is not a reasonably ascertainable creditor of Patricia's estate. Accordingly, his creditor's claim is time-barred pursuant to the four-month limitation period applicable to creditors who are not reasonably ascertainable.

Whether a creditor of an estate is reasonably ascertainable "has significant implications regarding the time within which that creditor must present its claims to the estate." In re Est. of Fitzgerald, 172 Wn. App. 437, 446, 294 P.3d 720 (2012). Whereas a reasonably ascertainable creditor is allowed 24 months from the decedent's date of death to present its claims, RCW 11.40.051(1)(b)(ii), a creditor that is not reasonably ascertainable must present its claims within four months after the date of first publication of notice to creditors. RCW 11.40.051(1)(b)(i).[3] When a creditor fails to present its claims within these time limits, the creditor "is forever barred from making a claim or commencing an action against the decedent." RCW 11.40.051(1).

A reasonably ascertainable creditor "is one that the personal representative would discover upon exercise of reasonable diligence." RCW

---

[3] The time limits for bringing claims set forth in RCW 11.40.051(b) apply when the creditor was not given actual notice announcing the personal representative's appointment. See RCW 11.40.020. When a creditor is provided with actual notice, different time limits apply. RCW 11.40.051(a).

11.40.040(1). The personal representative is "deemed to have exercised reasonable diligence upon conducting a reasonable review of the decedent's correspondence." RCW 11.40.040(1).[4] A personal representative who conducts such a review "is presumed to have exercised reasonable diligence to ascertain creditors of the decedent and any creditor not ascertained in the review is presumed not reasonably ascertainable." RCW 11.40.040(2). The personal representative "may evidence the review and resulting presumption by filing with the court an affidavit" regarding the review. RCW 11.40.040(3). The presumption that a creditor is not reasonably ascertainable may be rebutted only by clear, cogent, and convincing evidence. RCW 11.40.040(2).

Here, in support of his motion to dismiss, Reynolds filed an affidavit regarding his review of Patricia's correspondence following her death. He stated therein that, in reviewing the correspondence, he had "put [his] fingers on and looked at every piece of paper in every envelope, dating back about forty years" and "reviewed bank and credit card statements going back several years." Reynolds further stated that he "did not find any correspondence from Chris Walters regarding *any* debts or other obligations between Mr. Walters and Patricia Walters, nor did [he] find any financial records indicating any debt owed by Patricia Walters to Mr. Walters."

Based on his reasonable review of Patricia's correspondence following her death, Reynolds is deemed to have exercised reasonable diligence to ascertain

---

[4] Such correspondence includes "correspondence received after the date of death, and financial records, including personal financial statements, loan documents, checkbooks, bank statements, and income tax returns, that are in the possession of or reasonably available to the personal representative." RCW 11.40.040(1).

the creditors of Patricia's estate. RCW 11.40.040(1). In his review of that correspondence, Reynolds did not ascertain Chris to be a creditor of the estate. RCW 11.40.040(2). Accordingly, Chris is presumed not to be a reasonably ascertainable creditor of Patricia's estate. RCW 11.40.040(2). This presumption can be rebutted only by clear, cogent, and convincing evidence.[5] RCW 11.40.040(2). Thus, on summary judgment, we consider whether, viewing the evidence in the light most favorable to Chris, a rational trier of fact could find that Chris demonstrated by clear, cogent, and convincing evidence that he is a reasonably ascertainable creditor of Patricia's estate. See Woody, 146 Wn. App. at 22.

In asserting that the superior court erroneously dismissed his complaint, Chris does not contend that Reynolds failed to exercise reasonable diligence in ascertaining the creditors of Patricia's estate. Instead, he contends that Reynolds' "longtime relationship with Patricia and subsequent involvement in numerous conversations regarding Adell's Estate put [Reynolds] on notice of Mr. Walters' claim."[6] However, even considering this evidence in the light most favorable to Chris, knowledge by Reynolds that Patricia had wrongfully possessed property belonging to Adell's estate would, at best, indicate that Adell's estate—not Chris in his individual capacity—may have a claim against

---

[5] "[T]he 'clear, cogent, and convincing' standard denotes a quantum of proof less than 'beyond a reasonable doubt' but greater than 'a mere preponderance of the evidence.'" Davis v. Dep't of Labor & Indus., 94 Wn.2d 119, 126, 615 P.2d 1279 (1980) (quoting Bland v. Mentor, 63 Wn.2d 150, 155, 385 P.2d 727 (1963)). "It is the quantum of evidence sufficient to convince the fact finder that the fact in issue is 'highly probable.'" Tiger Oil Corp. v. Yakima County, 158 Wn. App. 553, 562, 242 P.3d 936 (2010) (quoting In re Welfare of Sego, 82 Wn.2d 736, 739, 513 P.2d 831 (1973)).

[6] Br. of Appellant at 16.

Patricia's estate. Accordingly, no rational trier of fact could find that such purported knowledge by Reynolds constitutes clear, cogent, and convincing evidence that Chris himself is a reasonably ascertainable creditor of the estate.[7]

Chris additionally asserts that the letter sent by his attorney to Reynolds on August 12, 2019 is sufficient to rebut the presumption that Chris is not a reasonably ascertainable creditor of Patricia's estate. The letter alleged that Patricia had in her possession property of significant value that belonged to Adell's estate. However, again, this evidence is pertinent only to the question of whether the estate of Adell Walters—not Chris in his individual capacity—is a reasonably ascertainable creditor of Patricia's estate. Moreover, the first publication of notice to creditors following Patricia's death was accomplished on September 26, 2018. Accordingly, the four-month time limit for claims by creditors that are not reasonably ascertainable expired on January 26, 2019. See RCW 11.40.051(1)(b)(i). The letter requesting an inventory of the property in Patricia's estate was sent more than six months after the expiration of the limitation period. Thus, this correspondence does not rebut the presumption that Chris is not a reasonably ascertainable creditor of the estate.[8]

---

[7] The cases from other jurisdictions on which Chris relies are inapposite. In each of those cases, the court addressed whether a personal representative's awareness of particular circumstances regarding the claimants indicated that those claimants were reasonably ascertainable creditors of the decedent's estate. See In re Est. of Austin, 389 S.W.3d 168, 171-72 (Mo. 2013); Am. Home Assur. Co. v. Gaylor, 894 So.2d 656, 660 (Ala. 2004). Here, it is Chris, individually, not the estate of Adell Walters, that asserted the claim.

[8] Chris asserts in his briefing that the superior court "exceeded its authority in prohibiting any further litigation between the parties." Br. of Appellant at 3. However, the court made no such statement. Rather, citing RCW 11.40.051, the court determined that Chris is "forever barred from making a claim or commencing an action against the decedent" because he did not file his claim within the applicable four-month limitation period. This is the precise language of the statute. See RCW 11.40.051 (providing that "a person having a claim against the decedent is forever barred from making a claim or commencing an action against the decedent" unless the

Considering the evidence in the light most favorable to Chris, a rational trier of fact could, at best, conclude that clear, cogent, and convincing evidence indicates that the estate of Adell Walters is a reasonably ascertainable creditor of Patricia's estate. It is the estate of Adell Walters, not Chris in his individual capacity, that owns any claim against Patricia's estate based on the facts set forth in the creditor's claim. Because he is not a reasonably ascertainable creditor of Patricia's estate, Chris was required to file any claims against the estate by January 26, 2019, when the applicable four-month limitation period expired. Because the creditor's claim was filed more than 18 months after the expiration of the pertinent limitation period, it is time-barred pursuant to RCW 11.40.051(1)(b)(i).

2

Chris further asserts that the superior court erred by dismissing his creditor's claim as time-barred pursuant to the three-year limitation period set forth in RCW 4.16.080(2). Again, we disagree. Because the claim was filed more than seven years after the probate of Adell's estate was closed for lack of prosecution, it is so barred. We decline to consider Chris's unpreserved argument that equitable tolling of the limitation period should apply.

The limitation periods applicable to claims against a decedent are set forth in RCW 11.40.051(1). However, such a claim cannot be pursued if it is barred by another applicable statute. In re Est. of Henington, 182 Wn. App. 534, 538, 331 P.3d 112 (2014). "An otherwise applicable statute of limitations applies [to claims

---

claim is filed within the applicable time limitation). The superior court's reliance on the applicable statute does not indicate that the court exceeded its authority.

against a decedent] without regard to the tolling provisions of RCW 4.16.190."[9] RCW 11.40.051(2). Applicable here, RCW 4.16.080(2) provides that "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated" is subject to a three-year statute of limitations.[10]

Pursuant to this statute, Chris was required to commence an action against Patricia for the alleged wrongful taking of property from Adell's estate within three years of the accrual of any such cause of action. See In re Ests. of Hibbard, 118 Wn.2d 737, 744, 826 P.2d 690 (1992) (cause of action generally accrues "at the time the act or omission occurs"). The only evidence of the date that Patricia allegedly took property in contravention of Adell's will is provided by Chris himself. Specifically, the creditor's claim states that Patricia "possessed or controlled a significant portion of [Adell's] estate" at the time of Adell's death, and that, "[i]mmediately following [Adell's] death," Patricia increased possession of the estate "by intentionally and deliberately taking possession of additional property." Additionally, Chris's complaint states that, on Patricia's "demand," he made two monetary distributions to Patricia from Adell's estate, one occurring

---

[9] RCW 4.16.190, which tolls the statute of limitations for personal disability, is inapplicable here.

[10] At oral argument, Chris's counsel suggested that the six-year limitation period applicable to written contracts should apply, see RCW 4.16.040(1), as Chris and Patricia had entered into a Trust and Estate Dispute Resolution Act (ch. 11.96A RCW) agreement on July 7, 2005. However, the parties entered into the agreement solely to resolve ambiguity regarding Adell's intent in adding Chris as a joint tenant with right of survivorship to her bank accounts. The claim herein arises from Patricia's alleged wrongful taking of property from Adell's estate, not from an alleged breach of any written contract. Accordingly, the argument that a six-year limitation period applies is unavailing.

following Adell's funeral and the other "after the close of the sale of the Marysville house."

Adell Walters died in September 2004. Chris did not file his creditor's claim, wherein he asserts that Patricia's estate owes him, personally, for the purported wrongful taking of property from Adell's estate, until August 7, 2020. Although the record does not indicate when the Marysville house was sold, this necessarily occurred prior to the closure of the probate of Adell's estate on November 12, 2013. Thus, considering the evidence in the light most favorable to Chris, any cause of action stemming from Patricia's alleged wrongful taking of property from Adell's estate accrued, at the latest, in November 2013. The three-year statutory limitation period thus expired, at the latest, in November 2016, nearly four years before Chris filed his creditor's claim against Patricia's estate. That claim is thus time-barred by RCW 4.16.080(2).[11]

Chris nevertheless asserts that his claim against Patricia's estate should be subject to equitable tolling. This is so, he contends, because Patricia acted in bad faith and Reynolds would "receive a large windfall" were Chris unable to assert his claim.[12] Chris asserts this argument, however, for the first time on

---

[11] Chris nevertheless asserts that, because the probate of Adell's estate was reopened on August 21, 2020, his claim against Patricia's estate was "already being adjudicated" and was "alive and pending" because it had not yet been resolved. Br. of Appellant at 21. He cites to no authority, however, for the proposition that a statute of limitations is tolled during the period in which the probate of an estate is closed. This argument is without merit.

Chris is similarly incorrect in asserting that the statute of limitations did not accrue until Reynolds rejected the creditor's claim. In so asserting, Chris confuses the applicable statutory limitation period with the requirement that a complaint be filed within 30 days of the rejection of a creditor's claim. See RCW 11.40.100 (providing that a claimant must file suit within 30 days following the notice of rejection of the creditor's claim). RCW 4.16.080(2), however, is an "otherwise applicable statute of limitations" that may also bar a claim against a decedent. RCW 11.40.051(2). It is pursuant to this statutory limitation period that any cause of action for Patricia's purported wrongful taking of property is time-barred.

[12] Br. of Appellant at 22-23.

appeal. Indeed, he nowhere addressed Reynolds' contentions regarding limitation periods in the superior court. Generally, we do not consider an issue on appeal that was not raised in the trial court. <u>Harris v. Dep't of Labor & Indus.</u>, 120 Wn.2d 261, 468, 843 P.2d 1056 (1993); <u>see</u> <u>also</u> RAP 2.5(a). We decline to exercise our discretion to address Chris's unpreserved equitable tolling argument here.

Any possible claim against Patricia's estate for her alleged wrongful taking of property from her mother's estate accrued prior to the closing of the probate of that estate in November 2013. Thus, to have been timely asserted, any such claim was required to have been filed by November 2016. <u>See</u> RCW 4.16.080(2). Chris did not file the creditor's claim at issue here until August 2020. Accordingly, that claim is barred by the applicable three-year limitation period, and the superior court did not err by dismissing Chris's complaint on that basis.

C

We next consider Chris's contention that the superior court erroneously dismissed the complaint brought by him in his capacity as the personal representative of Adell's estate. Again, we find this contention unavailing. First, the creditor's claim was filed solely by Chris in his individual capacity. No claim was filed against the estate of Patricia Walters by Adell's estate. Second, any such claim would be time-barred pursuant to RCW 4.16.080(2). Accordingly, the superior court did not err by dismissing the complaint.

1

Chris asserts that the superior court erroneously determined that the estate of Adell Walters is not a proper party to this action. We disagree. Chris filed the creditor's claim against Patricia's estate solely in his individual capacity at a time when the probate of Adell's estate was closed. The superior court properly dismissed the complaint on this basis.

Although CR 17(a) permits an executor to "sue in the party's own name without joining the party for whose benefit the action is brought," it nevertheless requires that "[e]very action shall be prosecuted in the name of the real party in interest." RCW 11.40.070 sets forth the required form of claims filed against an estate. It provides that any such claim must include "[t]he name and address of the claimant." RCW 11.40.070(1)(a).

Here, Chris filed the creditor's claim against the estate of his sister, Patricia Walters, solely in his individual capacity. The claim is entitled "Creditor's Claim of Chris A. Walters," and it states that "[t]he claimant is Chris A. Walters." The claim does not list as a claimant either the estate of Adell Walters or Chris Walters in his capacity as the personal representative of the estate. Indeed, when the creditor's claim was filed, Adell's estate had been closed for lack of prosecution for nearly seven years. It was not until two weeks later that the court reopened the probate of Adell's estate upon Chris's petition.

Even after considering the evidence in the light most favorable to Chris, as we must, these facts compel the conclusion that Chris, in his individual capacity, is the sole claimant against Patricia's estate here. The estate of Adell Walters

15

was not listed as a claimant, nor could it have been, as the probate of the estate had been closed for nearly seven years when the creditor's claim was filed. Because, here, Adell's estate has made no claim against the estate of Patricia Walters, the superior court properly dismissed Chris's complaint on behalf of Adell's estate.

2

We additionally note that, even had a claim been asserted against Patricia's estate by the estate of Adell Walters, any such claim would nevertheless be time-barred by the three-year limitation period set forth in RCW 4.16.080(2). As we have discussed, any claim against Patricia's estate for her alleged wrongful taking of property accrued, at the latest, in November 2013, nearly seven years before the creditor's claim was filed herein. Accordingly, even had the claim been asserted by Chris in his capacity as the personal representative of Adell's estate, the claim would nevertheless be time-barred pursuant to the applicable statutory limitation period. Moreover, again, we decline to address Chris's equitable tolling argument, which was asserted for the first time on appeal.

Thus, in conclusion, the superior court properly dismissed the complaint, both as asserted by Chris individually and in his capacity as the personal representative of Adell's estate. Even considering the evidence in the light most favorable to Chris, he did not provide the clear, cogent, and convincing evidence necessary to rebut the presumption that he is not a reasonably ascertainable creditor of Patricia's estate. Thus, his claim is time-barred pursuant to the four-

month limitation period set forth in RCW 11.40.051(1)(b)(i). The claim is additionally time-barred pursuant to RCW 4.16.080(2)'s three-year limitation period. Moreover, no claim was asserted by the estate of Adell Walters. Even had such a claim been filed, any such claim would also be time-barred by RCW 4.16.080(2). For all of these reasons, the superior court properly dismissed the complaint.

III

Chris additionally asserts that the superior court erred by granting an award of attorney fees to Reynolds, as the personal representative of Patricia's estate. We agree, although on a basis different from that asserted by Chris. In fact, the superior court's fee award was not authorized by the statute provided as the basis for that award. Accordingly, the superior court erred by granting the fee award.

"Washington follows the American rule 'that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity.'" Panorama Vill. Condo. Owners Ass'n Bd. of Dir. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001) (quoting McGreevy v. Or. Mut. Ins. Co., 128 Wn.2d 26, 35 n.8, 904 P.2d 731 (1995)). We review de novo whether there is a legal basis for awarding attorney fees. Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC, 18 Wn. App. 2d 748, 753, 493 P.3d 136 (2021).

RCW 4.84.030 authorizes an award of costs to the prevailing party in any action in the superior court. It provides, in pertinent part, that "[i]n any action in

the superior court of Washington the prevailing party shall be entitled to his or her costs and disbursements." RCW 4.84.030. The statute defines "costs" to include such expenses as filing fees, service of process fees, fees for service by publication, notary fees, expenses in obtaining records and reports, and "[s]tatutory attorney and witness fees." RCW 4.84.010(6). The statute permits "costs to be called the attorney fee" in the amount of "two hundred dollars" in "all actions in which judgment is rendered." RCW 4.84.080.

Here, Reynolds, as the personal representative of Patricia's estate, requested an award of attorney fees in the superior court pursuant to RCW 4.84.030 and CR 11.[13] Reynolds cited to no other statutory, contractual, or equitable basis for such an award. The superior court declined to grant an award of fees based on CR 11, but awarded to Reynolds "$2,023.28 in attorney's fees pursuant to RCW 4.84.030."

Chris contends on appeal that the superior court's grant of award of attorney fees constitutes error because the court improperly dismissed his complaint. We disagree that the fee award was improper on this basis. However, RCW 4.84.030 does not authorize the award of attorney fees granted by the court. Rather, the statute permits only an award of "costs" to the prevailing party, and limits the attorney fee qualifying as a "cost" to a fee of "two hundred dollars." RCW 4.84.030, .080. Thus, the superior court erred by granting the fee award on this basis. Because the court's order indicates no

---

[13] In requesting a fee award pursuant to CR 11, Reynolds asserted that the action "was not well grounded in fact, not warranted by existing law, and appears to have been filed for the sole purpose of harassing Defendant and causing needless increase in the cost of litigation."

other basis for the fee award, we reverse the court's grant of an award of attorney fees to Reynolds.

IV

Kathleen DePew, as the personal representative of Reynolds' estate, requests an award of attorney fees on appeal. "To receive an award of attorney fees on appeal, a party must devote a section of the brief to the fee request." Phillips Bldg. Co. v. An, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (citing RAP 18.1(b)). A "bald request" for fees on appeal in insufficient. Phillips Bldg. Co., 81 Wn. App. at 705. Rather, both "[a]rgument and citation to authority are required under the rule." Phillips Bldg. Co., 81 Wn. App. at 705. Because DePew provided neither argument nor citation to authority in her request, we decline to grant an award of attorney fees on appeal.

Affirmed in part, reversed in part.

_____
Dwyer, J.

WE CONCUR:

_____    _____
Chung, J.                  Mann, J.

19