[No. 25909-9-III.   Division Three.   May 20, 2008.]

DAVE WOODY, *Appellant,* v. DARBY STAPP ET AL., *Respondents.*

18

*Ryan M. Edgley* (of *Edgley & Beattle*), for appellant.
*Jerome R. Aiken*, for respondents.

¶1 BROWN, J. — David M. Woody worked as an at-will employee for Pacific Northwest National Laboratories/ Battelle. His employment was terminated based on investigative reports given by his co-workers, Darby Stapp,

Jennifer Irlam (formerly Zohn), Ellen Prendergast, and Michael Fallon, following an investigation prompted by Mr. Woody's refusal to attend a work meeting in the presence of Ms. Irlam. Mr. Woody sued the co-workers, alleging defamation, civil conspiracy, and tortious interference with a business expectancy. He appeals the summary dismissal of his suit, contending material fact issues remain and the co-workers' false statements exceeded the qualified immunity accorded internal investigative reports. We disagree and affirm.

## FACTS

¶2 In July 2004, after two years with Battelle as an at-will employee, Mr. Woody refused Mr. Stapp's request that he attend a work meeting with Ms. Irlam, explaining he had been sexually harassed by her. Battelle's equal employment opportunity (EEO) specialist investigated and interviewed Mr. Woody's co-workers.

¶3 Ms. Irlam denied harassing Mr. Woody and reported he told her that he had a crush on her and was unhappily married. She reported Mr. Woody had given her a romantic card after she filed for divorce and often put his arm around her and tried to hug her. Ms. Irlam related an incident when Mr. Woody walked into her office, closed the door, and then tried to kiss her and she resisted. The next day, he sent an e-mail that said, "Should I close your door again today?" Clerk's Papers (CP) at 15. Ms. Irlam responded, "Umm, No!" CP at 15.

¶4 Mr. Stapp reported Ms. Irlam told him about the incident. Further, Mr. Woody sent him several e-mails bragging about his abilities to romance Ms. Irlam.

¶5 Ms. Prendergast reported Mr. Woody bragged that he "nailed" Ms. Irlam and commented on Ms. Irlam's working relationship with another co-worker, stating, "I would do that if someone gave *me* a blowjob." CP at 82.

¶6 Mr. Fallon, an intern, reported to the investigator that Mr. Woody bragged about having "unlawful carnal

knowledge" of Ms. Irlam. CP at 83. He reported an incident where Mr. Woody used a hammer in a threatening way toward another co-worker. Mr. Fallon further reported Mr. Woody instructed him on his way to meet the investigator that Mr. Fallon needed to "back your brother's play." CP at 83.

¶7 Battelle's EEO investigation determined Ms. Irlam's personal conversations with Mr. Woody "were not unwelcome" and not sexually harassing. CP at 83. Battelle's management, however, found

> [Mr. Woody] had engaged in a series of threatening, intimidating and unprofessional behaviors. [Mr. Woody] was aggressive and threatening to another co-worker. [Mr. Woody] had also engaged in inappropriate verbal comments, insinuations and innuendos of a sexual nature about co-workers. [Mr. Woody] was not forthright during the investigation and then attempted to intimidate and influence others to support his version of events and allegations.

CP at 83. Mr. Woody was terminated on August 9, 2004, for "engaging in hostile, intimidating, and unprofessional behavior" violating Battelle's policies. CP at 84.

¶8 Mr. Woody sued the co-workers, alleging defamation, civil conspiracy to defame, and tortious interference with his business expectancy. After summary dismissal of all claims, Mr. Woody appealed.

## ANALYSIS

¶9 The issue is whether the trial court erred in deciding no material facts remained before summarily dismissing Mr. Woody's defamation, civil conspiracy, and tortious interference with a business expectancy claims.

¶10 We review summary judgment grants de novo. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706-07, 50 P.3d 602 (2002). Summary judgments require no remaining issues of material fact for the moving party to receive judgment as a matter of law. CR 56(c). All facts and

reasonable inferences are construed in a light most favorable to the nonmoving party. *Hubbard*, 146 Wn.2d at 707. We may affirm the trial court's grant of summary judgment if it is supported by any grounds in the record. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989). When reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law. *Michelsen v. Boeing Co.*, 63 Wn. App. 917, 920, 826 P.2d 214 (1991).

¶11 1. Defamation. Surviving a defense summary judgment motion requires the plaintiff to show disputed material facts concerning the defamation elements: "falsity, an unprivileged communication, fault, and damages." *Mohr v. Grant*, 153 Wn.2d 812, 822, 108 P.3d 768 (2005).

¶12 Mr. Woody fails to prove falsity. Mr. Woody relies solely on his denial of what he asserts the defendants have falsely said. However, reasonable minds could not dispute that based on the e-mail correspondence and corroboration of statements reflected in Battelle's EEO investigation, Mr. Woody acted inappropriately while employed at Battelle. To defeat a defamation claim, "[a] defendant need only show that the statement is substantially true or that the gist of the story, the portion that carries the 'sting', is true." *Mark v. Seattle Times*, 96 Wn.2d 473, 494, 635 P.2d 1081 (1981). Here, the record supports the proposition that the co-workers' criticized statements were substantially true.

¶13 Moreover, we apply the qualified privilege given intracorporate communications for the statements given in Battelle's EEO investigation. Mr. Woody fails to show the statements were not published in the ordinary course of employment or that they were made with actual malice. *John Doe v. Gonzaga Univ.*, 143 Wn.2d 687, 702-03, 24 P.3d 390 (2001), *rev'd on other grounds*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). When a qualified privilege applies, a plaintiff cannot establish a prima facie case of defamation unless the plaintiff can show by clear and convincing evidence the declarant had knowledge of the statement's falsity and he or she recklessly disregarded this knowledge. *Gilman v. MacDonald*, 74 Wn. App. 733, 738,

875 P.2d 697 (1994) (quoting *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 341-42, 760 P.2d 368 (1988) (citing *Lillig v. Becton-Dickinson*, 105 Wn.2d 653, 658, 717 P.2d 1371 (1986))). Further, as noted below in our tortious interference analysis, considering Mr. Woody's at-will employment, he fails to establish either causation or damages. Accordingly, the trial court properly dismissed Mr. Woody's defamation claim in summary judgment.

¶14 2. Civil Conspiracy. Mr. Woody next claims the co-workers engaged in a civil conspiracy. To establish a claim for civil conspiracy, Mr. Woody "must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *All Star Gas, Inc., of Wash. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000). But, " '[m]ere suspicion or commonality of interests is insufficient to prove a conspiracy.' " *Id.* (quoting *Wilson v. State*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996)).

¶15 Initially, Mr. Woody argues his burden of proof is lowered because when we review a summary judgment order, we must construe all facts and reasonable inferences in a light most favorable to the nonmoving party. *Hubbard*, 146 Wn.2d at 707. However, when reviewing a civil case in which the standard of proof is clear, cogent, and convincing evidence, this court "must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Thus, we must determine whether, viewing the evidence in the light most favorable to the nonmoving party, a rational trier of fact could find that the nonmoving party supported his or her claim with clear, cogent, and convincing evidence. *In re Dependency of C.B.*, 61 Wn. App. 280, 285, 810 P.2d 518 (1991). To overcome a presumption on summary judgment, the challenging party must offer evidence establishing a prima facie case supporting the claim or defense. *Cascade*

*Brigade v. Econ. Dev. Bd.*, 61 Wn. App. 615, 622, 811 P.2d 697 (1991).

¶16 Here, Mr. Woody merely speculates that the co-workers combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means because at times he saw one or more of them together, sometimes behind closed doors, or overheard them mention his complaint. However, this speculation does not rise to clear, cogent, and convincing evidence of a conspiracy. Therefore, summary dismissal of the civil conspiracy claim was appropriate.

¶17 3. Tortious Interference. Mr. Woody's interference with a business expectancy claim requires proof of five elements: (1) a business expectancy, (2) knowledge of the relationship, (3) intentional interference that results in the termination of the expectancy, (4) improper purpose or means, and (5) damage. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288 (1997).

¶18 No evidence shows Mr. Woody's former co-workers made any false statements for the purpose of causing him to be terminated. Battelle's EEO investigation began because Mr. Woody refused to attend a work meeting where Ms. Irlam would be present on the grounds she had sexually harassed him. However, the investigation determined the conversations between Mr. Woody and Ms. Irlam were personal, "not unwelcome," and not sexually harassing. CP at 83. Thus, Ms. Irlam's statements did not cause Mr. Woody's employment termination.

¶19 Mr. Woody was terminated for "engaging in hostile, intimidating, and unprofessional behavior" that violated Battelle's policies. CP at 84. Mr. Woody does not deny the hammer incident but merely discounts it as harmless horseplay. Mr. Woody cannot reasonably dispute his interfering behavior during Battelle's EEO investigation and the unprofessional behavior reflected in the e-mail record. Mr. Woody fails to show evidence of purpose or intent to interfere with his employment. And, qualified immunity applies with equal force here.

¶20 Mr. Woody was an at-will employee. Generally, at-will employees do not have a business expectancy in continued employment. *See Raymond v. Pac. Chem.*, 98 Wn. App. 739, 747, 992 P.2d 517 (1999) (at-will employment clearly limited an employee's expectation of job security), *rev'd on other grounds sub nom. Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 20 P.3d 921 (2001). Considering Mr. Woody's at-will status, he fails to establish either causation for his discharge or any damages flowing from his discharge.

¶21 In sum, there are no remaining material facts that remain in dispute on his interference with business expectancy claim, as determined for Mr. Woody's other claims. Summary judgment was properly granted by the trial court.

¶22 Affirmed.

KULIK, A.C.J., and THOMPSON, J. PRO TEM., concur.