# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Dependency of<br><br>S.I.L., | No. 85126-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — A.L., mother of S.I.L., appeals the trial court's order finding S.I.L. to be a dependent child. Upon review of the record, we conclude that the trial court's findings of fact and conclusions of law are supported by substantial evidence and that the trial court did not err in finding S.I.L. to be a dependent child under RCW 13.34.030(6)(c). For these reasons, we affirm.

A.L. contends there is insufficient evidence to support the trial court's finding of dependency. Relatedly, A.L. specifically assigns error to finding of fact 2.2.10, which states:

> The Court finds that a preponderance of the evidence has proven that [S.I.L.] is a dependent child and the mother is currently incapable of adequately caring for her such that [S.I.L.] would be in circumstances which constitute a danger of substantial damage to the child's psychological or physical development.
>
> The Court can make this finding without considering the testimony of the mother's [guardian ad litem], Penny Henderson.

A.L. asserts that this finding is unsupported because the record establishes only that she is mentally ill and not that she is incapable of adequately caring for S.I.L. We disagree.

The trial court determined that S.I.L. is a dependent child under RCW 13.34.030(6)(c). This statute provides that a "[d]ependent child" is any child who "[h]as no parent, guardian, or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." RCW 13.34.030(6)(c). In a dependency proceeding, the Department of Children, Youth and Families (DCYF) must prove that a child is dependent by a preponderance of evidence. RCW 13.34.110(1).

We will affirm an order of dependency as long as substantial evidence supports the trial court's findings of fact and those findings support its conclusions of law. *In re Dependency of M.S.D.*, 144 Wn. App. 468, 478, 182 P.3d 978 (2008). We defer to the trier of fact on issues of conflicting testimony, credibility of the witnesses, and the weight or persuasiveness of the evidence. *In re Welfare of S.J.*, 162 Wn. App. 873, 881, 256 P.3d 470 (2011). We view the evidence and all reasonable inferences in the light most favorable to the prevailing party. *In re Parental Rights to M.J.*, 187 Wn. App. 399, 407, 348 P.3d 1265 (2015) (citing *Woody v. Stapp*, 146 Wn. App. 16, 22, 189 P.3d 807 (2008)).

The evidence presented sufficiently demonstrates that S.I.L is a dependent child under RCW 13.34.030(6)(c) because A.L. was incapable of adequately caring for her. Dr. Danielle Kizer, a psychiatrist with PeaceHealth St.

Joseph's Medical Center in Bellingham and A.L.'s treating physician, diagnosed A.L. with probable delusional disorder, a disorder that is "notoriously difficult to treat" and "very resistant to our antipsychotic medications." Dr. Kizer observed that A.L. had no insight into her disorder and that the antipsychotic medication she was given showed no appreciable benefits.

Sufficient evidence also establishes that A.L.'s persistent delusional disorder rendered her unable to care for S.I.L.'s physical and psychological needs. SIL's guardian ad litem, Kathy Hilmoe, testified that S.I.L. reported that A.L. was unconcerned about S.I.L.'s well-being during her visits and instead would speak only of herself, her financial needs, and her "ongoing delusions" about intruders entering her home. In her personal interaction with A.L., Hilmoe similarly observed A.L.'s lack of concern with S.I.L.'s needs, finding A.L. to instead be preoccupied with the delusion that S.I.L. had been sexually assaulted. While the State has offered A.L. multiple services, she has declined all of them and has refused to engage with the State's social workers. In the opinion of DCYF social worker Leanne King, A.L. is not "able to safely parent [S.I.L.] at this time."

Sufficient evidence further shows that S.I.L. suffered substantial harm to her well-being due to A.L.'s delusional disorder. Before she began residing with her grandfather, S.I.L. was experiencing suicidal ideation. Once she was finally allowed out of the house, S.I.L. reported to King that she "didn't feel safe necessarily at her mom's because her mom -- her mother sees and hear[s] things that she doesn't see." S.I.L. has repeatedly refused any formal visitation

with A.L. until her mental health is under control and has continued to indicate that she did not feel safe with A.L.[1]  In short, sufficient evidence supports the trial court's findings, including finding of fact 2.2.10.[2]

A.L.'s contrary arguments are unpersuasive.  Citing *In re Dependency of T.L.G.*, 126 Wn. App. 181, 203, 108 P.3d 156 (2005), A.L. asserts that a parent's mental illness is not itself proof that a parent is unfit or incapable.  *T.L.G.* concerned the termination of the parent's parental rights.  *Id*. at 186.  Unlike termination, dependency does not require a finding of parental unfitness.  *In re Dependency of Schermer*, 161 Wn.2d 927, 943, 169 P.3d 452 (2007) (citing *In re Welfare of Key,* 119 Wn.2d 600, 836 P.2d 200 (1992)).  Instead, the standard for dependency under RCW 13.34.030(6)(c) "allows consideration of . . . *any limitations or other circumstances* which affect a parent's ability to respond to" the needs of the child.  *Schermer*, 161 Wn.2d at 944 (emphasis added).  Thus, "[a] parent's mental illness may support a finding of dependency when it interferes with parenting ability."  *Schermer*, 161 Wn.2d at 945.

Combined, the evidence here—as summarized in detail above—confirms that the trial court found S.I.L. to be a dependent child not merely because A.L. is mentally ill, but because the effects of A.L.'s ongoing delusional disorder would put S.I.L. at substantial risk of physical or psychological harm should she be

---

[1] S.I.L.'s well-being has improved since being removed from A.L.'s care.  She is no longer reporting suicidal ideation.  She is more engaged in school and is earning A's, B's, and C's.  RP 120-21.  S.I.L. is also in the care of an adult who is able to step in when A.L. is exhibiting behavior that makes S.I.L. feel uncomfortable.

[2] Although A.L. also assigned error to findings of fact 2.2.2, 2.2.4, 2.2.5, and 2.2.6, she does not present any further argument about how these findings are unsupported by sufficient evidence.  We therefore consider these assignments of error waived.  *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *In re Dependency of C.M.*, 118 Wn. App. 643, 649, 78 P.3d 191 (2003).

returned to A.L.'s care. The trial court's findings are supported by substantial evidence, and its determination that S.I.L. is a dependent child under RCW 13.34.030(6)(c) is consistent with controlling case law, including *T.L.G.* On this record, the trial court did not err in finding S.I.L. to be a dependent child.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

Mann, J.