IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MARIJKE DEUTSCHER and ALLEN DEUTSCHER, husband and wife, and their marital community,

        Respondents,

v.

RAMIRO CORTES, a single person, and ALL OTHER OCCUPANTS OF 9234 MOUNTAIN VIEW ROAD SE, YELM, WASHINGTON,

        Appellant,

YOUR LANDSCAPE COMPANY, LLC, a Washington limited liability company,

        Third-Party Defendant.

No. 85898-0-I

DIVISION ONE

ORDER DENYING MOTION FOR RECONSIDERATION AND WITHDRAWING AND REPLACING OPINION

Appellant filed a motion for reconsideration on May 1, 2024. A panel of the court called for an answer which Respondent filed on May 24, 2024. After consideration of the motion and answer the panel has determined that the motion for reconsideration should be denied. The panel has also determined that the opinion filed on April 15, 2024 shall be withdrawn and a substitute opinion filed.

Now, therefore, it is hereby

ORDERED that the motion for reconsideration is DENIED; it is further

ORDERED that the opinion filed on April 15, 2024 shall be withdrawn and a substitute opinion filed.

_____

Mann, J.

Díaz, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARIJKE DEUTSCHER and ALLEN DEUTSCHER, husband and wife, and their marital community,<br><br>Respondents,<br><br>v.<br><br>RAMIRO CORTES†, a single person, and ALL OTHER OCCUPANTS OF 9234 MOUNTAIN VIEW ROAD SE, YELM, WASHINGTON,<br><br>Appellant,<br><br>YOUR LANDSCAPE COMPANY, LLC, a Washington limited liability company,<br><br>Third-Party Defendant. | No. 85898-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Ramiro Cortes lived in a residence jointly owned by his longtime employer Marijke Deutscher and her husband as their tenant. In May 2021, the Deutschers notified Cortes that they intended to sell the property and, when he refused to vacate, brought an action for ejectment. Cortes answered the suit and filed counterclaims against the Deutschers, asserting an equitable interest in the property and alleging, among other causes of action, breach of an oral contract to purchase the property, fraud, and unjust enrichment. The trial court

---

† Though the Deutschers set out their former employee's name as "Romero Cortez" in their pleadings, he spelled his own name "Ramiro Cortes" in all of his pleadings filed in the trial court and on appeal. We adopt the spelling used by the appellant.

granted the Deutschers' motion for summary judgment dismissal of Cortes' counterclaims against them and ordered the writ of ejectment. Because Cortes demonstrated a genuine issue of material fact as to his counterclaim for unjust enrichment, the court erred in ordering its dismissal. We reverse and remand on the unjust enrichment cause of action, but otherwise affirm.

FACTS

Ramiro Cortes was a longtime employee of Your Landscape Company LLC, a business owned by Marijke Deutscher.[1] On or about October 18, 2008, Marijke[2] and her husband, Allen Deutscher, purchased the property of 9234 Mountain View Road SE, Yelm, Washington (the property) for a purchase price of $295,000. The property consisted of two residences: a 2,499-square-foot home at 9234 Mountain View Road and a 1,176-square-foot home at 9040 Mountain View Road. It was insured under a policy issued to Allen and Marijke Deutscher. While the parties fundamentally disagree about their arrangement regarding Cortes' access to and residence at the property, they agree that Cortes and his family moved onto the property at some point in 2008.[3] There was no written lease agreement between

---

[1] Although Marijke did not provide specifics as to when Cortes began working for her business, there was evidence presented in her pleadings and supporting documents that she had previously stated in a text message to Cortes that she was sad his employment had to end "like this after nearly 20 years." Cortes asserts his employment with the Deutschers started in approximately 2002.

[2] The complaint for ejectment and damages was filed by Marijke and Allen Deutscher as a marital community and references to the litigation are ascribed to "the Deutschers." However, in the interest of clarity, in descriptions of the interactions between Cortes and Mrs. Deutscher we will use her first name, Marijke. No disrespect is intended.

[3] Cortes contends that he approached Marijke asking for assistance to buy a home, he moved into the property thereafter, and then he and Marijke entered into an oral contract for Cortes to buy it from the Deutschers. In his answer to the complaint for ejectment, Cortes alleges that

- 2 -

the parties governing Cortes' use of the property.[4]   At various times, Cortes' extended family also lived on the property in the 9040 residence and paid rent to Marijke.[5]  Despite language in the complaint for ejectment wherein the Deutschers asserted Cortes "has never paid rent for the [p]remises and never been asked to pay rent for the [p]remises," the parties now agree on appeal that, at least for the first year of his tenancy, Cortes was to pay $1,250 to Marijke monthly.[6]  Cortes initially paid Marijke cash for his monthly rent.[7]  He alleges that Marijke eventually started withholding earnings from his paycheck in order to meet the monthly payment obligations.  The Deutschers deny that any money was withheld from Cortes' checks and aver that, instead, he simply stopped paying rent altogether when he encountered personal hardships.

Cortes' employment with Your Landscape Company was terminated in May 2021.  Shortly thereafter, the Deutschers decided to sell the property and notified Cortes that he would need to vacate it.  Cortes refused and, on November 15, the Deutschers filed a complaint for ejectment in Thurston County Superior Court.  On

---

Marijke "let [him] know that she found a potential home for him" after Cortes approached her for help but prior to the Deutschers purchasing the property.

In contrast, the Deutschers assert in briefing that they allowed Cortes and his family to move into the 9234 residence on the property in order to help him and his family.  At the time of the complaint for ejectment, Cortes asserted that he, his two children, his disabled brother, and his elderly mother lived in the 9234 residence.

[4] Marijke asserted that the agreement was "mainly oral, because Ramiro did not understand contracts much or, you know, even if I explained things to him, I sometimes had to do it two or three times before he really got it."  Cortes' answer to the Deutschers' complaint asserts his primary language is Spanish and he characterizes his English-language proficiency as "limited."

[5] Marijke asserts that her realtor, Margo Street, has communicated with the 9040 tenants through her business, Networks Real Estate LLC, screened some of them, and deposited their rent checks at Marijke's direction.

[6] Cortes further asserts that another $1,000 "payment" was credited to his monthly payments by recruiting tenants to live in the 9040 residence on the property.

[7] Again, directly contradicting the language in the original complaint, Marijke admitted in deposition testimony that cash rental payments were made for between eight months and one year.  Cortes does not provide a time frame for his cash payments for rent.

December 29, Cortes responded with his answers, affirmative defenses, counterclaims against the Deutschers, and third-party claims against Your Landscape Company.[8] His counterclaims included allegations that the Deutschers violated an oral contract for Cortes to purchase the property, Marijke committed fraud, and the Deutschers were unjustly enriched by Cortes' uncompensated improvements to the property. On February 18, 2022, the Deutschers moved for partial summary judgment on the ejectment action and Cortes' three counterclaims against them. Cortes filed a response on May 20, arguing that there were material issues of fact as to his three counterclaims that necessarily prevented their dismissal and precluded an order of ejectment.

On June 3, the trial court conducted a hearing on the Deutschers' motion. After considering the argument and briefs of the parties, including multiple declarations in support of each party's position, the court granted the Deutschers' motion for partial summary judgment dismissing Cortes' counterclaims and ordered a writ of ejectment. On June 8, Cortes filed a notice for discretionary review in Division Two of this court. A commissioner denied review and Cortes moved to modify that ruling. Cortes' motion to modify the commissioner's ruling was granted, as was review of the case, which was subsequently transferred to this division.

---

[8] The claims against Your Landscape Company are not before this court, as they survived the Deutschers' motion for summary judgment and are proceeding to trial.

ANALYSIS

Cortes argues that the summary judgment dismissal of his counterclaims was improper because he established that there were genuine issues of material fact as to each of his three causes of action and that the court similarly erred as to the order for writ of ejectment.

This court reviews a summary judgment order de novo. *Berry v. King County,* 19 Wn. App. 2d 583, 587, 501 P.3d 150 (2021). "A party seeking summary judgment bears the initial burden to show the absence of a genuine issue of material fact." *Hung Dang v. Floyd, Pflueger & Ringer, PS*, 24 Wn. App. 2d 145, 158, 518 P.3d 671 (2022), *review denied*, 200 Wn.2d 1032 (2023). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Berry,* 19 Wn. App. 2d at 587 (quoting CR 56(c)). All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. *Id.* "The moving party is held to a strict standard" and any doubts regarding the existence of a genuine issue of material fact are resolved against the moving party. *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.,* 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

If the moving party meets their initial burden, then the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Hung Dang*, 24 Wn. App. 2d at 158. The nonmoving party must provide "more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues" to survive summary judgment. *Walker v.*

*King County Metro*, 126 Wn. App. 904, 912, 109 P.3d 836 (2005). Absent specific circumstances, at the summary judgment stage, the court must only determine whether the nonmoving party has met a burden of production, "not whether the evidence produced is persuasive," as that role belongs to the jury. *Renz v. Spokane Eye Clinic, PS*, 144 Wn. App. 611, 623, 60 P.3d 106 (2002). Accordingly, when ruling on a motion for summary judgment, the "trial court may not weigh the evidence, assess credibility, consider the likelihood that the evidence will prove true, or otherwise resolve issues of material fact." *Haley v. Amazon.com Servs., LLC*, 25 Wn. App. 2d 207, 217, 522 P.3d 80 (2022). Although summary judgment exists to avoid pointless trials where no material fact is in dispute, a trial is "absolutely necessary where there is a genuine issue as to any material fact." *Id.* (quoting *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963)). Finally, and separately from the summary judgment framework, we may affirm on any basis supported by the record on appeal. *Performance Constr., LLC v. Glenn*, 195 Wn. App. 406, 415, 380 P.3d 618 (2016).

I.      Counterclaim for Breach of Contract

Cortes alleges that the Deutschers breached an oral contract between them to purchase the property. To prevail on a breach of contract claim, a plaintiff must show that a valid agreement existed between the parties, the agreement was breached, and the plaintiff suffered damages. *Univ. of Wash. v. Gov't Emp. Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (2017). Generally, to survive summary judgment, a party must make a prima facie showing of each of these three elements. *See Boguch v. Landover Corp.*, 153 Wn. App. 595, 609, 224 P.3d 795

(2009) (explaining if plaintiff fails to make prima facie showing on element essential to case, summary judgment should be granted). However, because Cortes expressly requested specific performance of the alleged contract in his counterclaim, he must meet a heightened standard of proof, even at the summary judgment stage.

"[W]here specific performance of the agreement is sought, the contract must 'be prove[d] by evidence that is clear and unequivocal and which leaves no doubt as to the terms, character, and existence of the contract.'" *Berg v. Ting,* 125 Wn.2d 544, 556, 886 P.2d 564 (1995) (internal quotation marks omitted) (quoting *Miller v. McCamish*, 78 Wn.2d 821, 829, 479 P.2d 919). In the context of summary judgment, this standard requires us to determine "'whether, viewing the evidence in the light most favorable to the nonmoving party, a rational trier of fact could find that the nonmoving party supported [their] claim with clear, cogent, and convincing evidence.'" *In re Est. of Kolesar*, 27 Wn. App. 2d 166, 176, 532 P.3d 170 (2023) (internal quotation marks omitted) (quoting *Woody v. Stapp*, 146 Wn. App. 16, 22, 189 P.3d 807 (2008)).

Cortes asserts that he had an oral contract with Marijke to purchase the property for $270,000 and that he made monthly payments toward the sale amount. He alleges that he was to make monthly payments of $2,250 to Marijke, which were later lowered to $1,800 by agreement, until the purchase price of $270,000 was reached. The monthly payment would consist of $1,250 in cash and a $1,000 "credit" for Cortes' assistance in obtaining renters for the 9040 residence. However, Cortes fails to present facts as to the general terms of the

alleged contract, such as timing of the payments, payment of taxes, or even interest. The failure to agree on an interest rate alone can preclude specific performance. *Dankievitch v. Lawrence*, 22 Wn. App. 2d 749, 761, 513 P.3d 804, *review denied*, 200 Wn.2d 1017 (2022).

Cortes submitted declarations from several witnesses who heard statements made by Marijke affirming the alleged contract, including his friend, sister, nephew, and two nieces. These declarations include general statements from each of the witnesses about what they heard concerning the existence of a contract to buy the property, such as Cortes' niece, who explained that Marijke told her "eventually the property would be Ramiro's." However, even viewing these declarations in the light most favorable to Cortes as the nonmoving party at summary judgment, none of these statements introduce *any* evidence as to the essential terms of a real estate contract, much less evidence sufficient to satisfy the clear, cogent and convincing standard that applies in the specific procedural posture before us. Therefore, Cortes is unable to meet the heightened burden required by his request for specific performance of the purported oral contract to purchase the property. Because he fails to satisfy this initial burden, we need not reach his remaining arguments on this issue. The trial court did not err in dismissing the counterclaim for breach of contract.[9]

---

[9] In the alternative to his request for specific performance, Cortes also sought money damages in his claim for breach of contract. While the heightened evidentiary standard for specific performance is inapplicable to Cortes' request for damages, the outcome here is the same. *See Powers v. Hastings*, 93 Wn.2d 709, 716, 612 P.2d 371 (1980). To prevail on a breach of contract claim for damages, Cortes must still "prove that a valid agreement existed between the parties." *Univ. of Wash*, 200 Wn. App. at 467.

Cortes not only fails to present facts as to the general terms of the alleged contract but he also fails to present evidence that shows the existence of any real estate contract between the

## II.  Writ of Ejectment

In a related assignment of error, Cortes also challenges the court's order for a writ of ejectment.  An ejectment is a legal remedy used to evict tenants who have not paid rent.  *Bar K Land Co. v. Webb,* 72 Wn. App. 380, 383, 864 P.2d 435 (1993).  The entirety of Cortes' argument on this issue is premised on his claim of equitable title based on the alleged oral contract to purchase the property.  In his counterclaims, Cortes expressly sought specific performance of the contract.  Had he prevailed at the summary judgment stage, the issuance of the order on the writ would have been premature.  However, as Cortes' breach of contract claim was properly dismissed by the trial court, it did not err when it issued the order on writ of ejectment.

## III.  Counterclaim for Fraud

As an alternative cause of action, Cortes also brought a counterclaim against the Deutschers for fraud, alleging that Marijke made a material and false misrepresentation to him that he was purchasing the property from her for $270,000.  To prove fraud in a civil context, the plaintiff must establish each of the following elements:

> (1) A representation of an existing fact, (2) its materiality, (3) its falsity, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) [their] intent that it should be acted on by the person to whom it is made, (6) ignorance of its falsity on the part of the person to whom it is made, (7) the latter's reliance on the truth of the representation, (8) [their] right to rely upon it, (9) [their] consequent damage.

---

parties.  Viewed in the light most favorable to Cortes, the evidence shows no issue of material fact, and thus, summary judgment dismissal was proper.

*Kirkham v. Smith*, 106 Wn. App. 177, 183, 23 P.3d 10 (2001). If Cortes is unable to demonstrate a genuine issue of material fact on *any* of the nine factors of fraud, dismissal of this claim was proper. The Deutschers specifically challenge elements (1), (2), and (9), however, we evaluate each element in our de novo review of this summary judgment action and conclude that Cortes did not produce a prima facie showing of element (4).

The trial court acknowledged that Cortes had presented evidence in support of his fraud claim, but dismissed it nonetheless, ruling that

> [t]he nine elements of fraud *have not been prove[d] by clear, cogent and convincing evidence*. There is some evidence—I'll acknowledge that there are declarations from other individuals, not just Mr. Corte[s], but the *standard required has not been met*.

(Emphasis added.) In briefing, the Deutschers also state that Cortes must establish the elements of fraud under the same evidentiary standard as they aver applied to the breach of contract counterclaim. Both the trial court and the Deutschers are mistaken. The heightened standard applied only to the breach of contract claim and only because he expressly sought specific performance of the purported contract. *See Berg*, 125 Wn.2d at 556; *Kolesar*, 27 Wn. App. 2d at 176. His prayer for relief specifically limits that remedy to that one cause of action: "Cortes respectfully request[s] the following relief: . . . [a]n order requiring *specific performance of the contract* entered into for the sale of the [p]roperty; . . . [i]n the alternative, an award of damages in [an] amount to be prove[d] at trial." (Emphasis added.) Cortes did not, and more critically *could not*, seek specific performance in either a claim for fraud or unjust enrichment. In the procedural posture of this case, Cortes need only make a prima facie showing that there is a genuine issue of

- 10 -

material fact for each element of his fraud claim to survive summary judgment. *Hung Dang*, 24 Wn. App. at 158.

For this cause of action, Cortes relied on his own declaration, as well as those of his friends and family that he offered to support his assertion of the existence of an oral contract. Despite the Deutschers' focus in briefing on their erroneous argument about the evidentiary standard, the evidence Cortes produced was sufficient to raise a genuine issue of material fact as to whether Marijke made the requisite representation to him. The evidence was also sufficient to establish a genuine issue of material fact as to whether the purported representation was material, as Cortes' witnesses stated that he made improvements to the property and that monthly payments were made to Marijke toward the purchase of the property based on that representation. Cortes produced an invoice marked "Paid cash," photographs, and testimony that he made uncompensated improvements to the property, which also establish a genuine issue of material fact that he incurred damages. Therefore, the only three elements of this cause of action that the Deutschers contest have been met for purposes of summary judgment.

Nevertheless, as we engage in de novo review of orders on summary judgment, we conclude that Cortes is unable to demonstrate a genuine issue of material fact regarding the fourth element of a fraud claim: the speaker's knowledge of the falsity of their representation. Taking Cortes' evidence and associated inferences in the light most favorable to him, there is nothing to demonstrate that Marijke made a promise to him about the purchase of the

property *that she knew to be false*. Although Cortes and his witnesses all claim awareness of the existence of the agreement, none asserted that Marijke acted with knowledge of the falsity of her representation. Again, we may affirm on any basis supported by the record. *See Performance Constr.*, 195 Wn. App. at 415. Because Cortes cannot show a genuine issue of material fact on an essential element of the cause of action, summary judgment dismissal of the claim for fraud was proper.

IV.     Counterclaim for Unjust Enrichment

Cortes' final cause of action, also pleaded in the alternative to breach of contract, alleged that the Deutschers were unjustly enriched by the repairs and improvements he made on the property without compensation. Unjust enrichment is an equitable claim. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn.2d 566, 574, 304 P.3d 472 (2013). "Unjust enrichment allows a party to recover the value of a benefit it has conferred on another party, absent any contractual relationship, if fairness and justice require it." *Samra v. Singh*, 15 Wn. App. 2d 823, 837, 479 P.3d 713 (2020). "To prevail on a claim for unjust enrichment, the plaintiff must show that (1) the defendant received a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id.* Again, in the context of summary judgment, Cortes need only make a prima facie showing that there is a genuine issue of material fact as to each of these elements. *See Crabtree v. Jefferson County Pub. Hosp. Dist. No. 2*, 20 Wn. App. 2d 493, 507, 500 P.3d 203

(2021) ("A motion for summary judgment must be denied if the nonmoving party . . . shows specific facts that show a genuine issue of material fact.").

Cortes argues that the trial court improperly dismissed this claim by looking at the work he performed for Marijke as an employee and the withholdings on his tax return, rather than at the thousands of dollars of improvements he asserts that he made to the property, including those for the 9040 residence despite the fact that he never occupied that home. This assertion is supported by the record; in analyzing the evidence offered in support of this cause of action, the court stated,

> With respect to unjust enrichment, I look at the record. Mr. Corte[s] was paid for the work that he did for Ms. Deutscher. At times, he was paid even when he was not working, and the parties agreed to that. There's no evidence that [Cortes] made the mortgage payments on this home. There's no evidence that he paid the property taxes on this home, and there's no evidence that he collected the rent from the residence that is on the property. If he did have $270,000 withheld from his tax returns over those 13 years as a housing allowance, a significant benefit, that is not evidenced.

It is clear that the court focused on the evidence highlighted by the Deutschers to the exclusion of the evidence presented by Cortes that pertained to the crux of his claim: the tangible improvements to the property for which he was not compensated. Further, the ruling indicates that rather than taking all inferences in favor of Cortes as the nonmoving party, the court weighed the evidence presented by each side. This is a misapplication of the summary judgment standard.[10] *See, e.g., Haley*, 25 Wn. App. 2d at 217 ("On summary judgment, the trial court may not

---

[10] The Deutschers similarly do not address property improvements in their argument regarding unjust enrichment. Instead, they assert that the trial court properly found that the evidence potentially shows that the labor Cortes claimed he performed on the property was the equivalent of a reasonable amount of rent. This argument fails to account for the expenses Cortes said he incurred for repairs and maintenance completed by others or for the replacement of appliances or fixtures.

weigh the evidence, assess credibility, consider the likelihood that the evidence will prove true, or otherwise resolve issues of material fact."); *Am. Exp. Centurion Bank v. Stratman*, 172 Wn. App. 667, 676, 292 P.3d 128 (2012) ("The trial court does not weigh the evidence or assess witness credibility on a motion for summary judgment."); *Silves v. King*, 93 Wn. App. 873, 880, 970 P.2d 790 (1999) ("A genuine issue of credibility should not be resolved at summary judgment.").

Again, as with each of the other causes of action, we review the dismissal of this claim de novo and do not weigh the evidence or make credibility determinations. *Bale v. Allison*, 173 Wn. App. 435, 458, 294 P.3d 789 (2013) ("'The function of the appellate court is to review the action of the trial courts. Appellate courts do not hear or weigh evidence, find facts, or substitute their opinions for those of the trier-of-fact.'" (quoting *Quinn v. Cherry Lane Auto Plaza, Inc.,* 153 Wn. App. 710, 717, 225 P.3d 266 (2009)). The evidence Cortes presented in support of his counterclaim for unjust enrichment consisted of photographs of landscaping improvements on the property, an invoice for a new vapor barrier and removal and replacement of insulation in the 9040 residence, and an invoice marked "Paid cash" for a pressure check of the well that provided water to both residences on the property. He also provided a declaration asserting that he performed substantial landscaping work and repairs on the property, including replacement of fixtures and appliances. He declared that he had not been compensated for this work, so, if there was no enforceable contract to buy the property, the improvements would benefit only the Deutschers. In response, the Deutschers claimed that they received no benefit at Cortes' expense; he

- 14 -

worked for Marijke and she paid him for his labor.[11] This discrepancy in testimony is precisely the sort that precludes summary judgment because only a fact-finder may weigh credibility to resolve this type of competing evidence. Similarly, the determination of the persuasiveness of the invoices and photographs that Cortes has produced is reserved for the fact-finder. Again, the burden at the summary judgment stage is one of production, not persuasion. *Renz*, 114 Wn. App. at 623. The trial court erred in dismissing Cortes' counterclaim for unjust enrichment.

We affirm in part, reverse in part, and remand for further proceedings.

WE CONCUR:

_____

Díaz, J.                          Mann, J.

---

[11] The Deutschers' response to this cause of action also included an argument that Cortes may not claim unjust enrichment because he has "unclean hands" for purportedly not reporting to the Internal Revenue Service the $270,000 he alleges was withheld from his paycheck. Aside from the fact that this framing rests on a misapplication of the unclean hands doctrine, we decline to address this argument as Cortes' unjust enrichment claim pertained only to improvements to the property.