**FILED**
**JUNE 4, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RIGHT NOW HEATING, COOLING & PLUMBING, LLC, d/b/a Trademark Heating & Cooling, a Delaware limited liability company, | ) ) ) ) ) | No. 41137-1-III |
| Respondent, | ) ) | PUBLISHED OPINION |
| v. | ) ) | |
| ESTATE OF GERALD D. HALL, by and through LEALA WALDO, as the Personal Representative of the Estate of Gerald D. Hall, | ) ) ) ) ) | |
| Appellant. | ) ) | |

STAAB, C.J. — Under RCW 11.40.051(1)(b)(i)-(ii), a "reasonably ascertainable"

creditor of a decedent that does not receive actual notice of probate is allowed "24

months after the decedent's date of death" to present its claims. On the other hand, a

creditor that is *not* reasonably ascertainable must present its claims "within four months

after the date of first publication of notice" to creditors.

Leala Waldo, the personal representative (PR) of the "Estate of Gerald D. Hall,"

(Estate) rejected a creditor's claim submitted by Right Now Heating, Cooling &

Plumbing LLC, as untimely. Right Now filed a complaint against the Estate, asserting

claims for breach of contract and unjust enrichment. On summary judgment, the trial court concluded that Right Now was a reasonably ascertainable creditor, that its claim was timely, and that it was entitled to judgment as a matter of law on both its claims for breach of contract and unjust enrichment.

We reverse both the trial court's grant of summary judgment in favor of Right Now and its denial of the Estate's motion for summary judgment. The undisputed evidence shows that the PR conducted a reasonable review of the decedent's correspondence and financial records and thus she is presumed to have exercised reasonable diligence. In the exercise of reasonable diligence, the PR did not and could not discover any claims by Right Now. Thus, it is presumed that Right Now is not a reasonably ascertainable creditor. Right Now fails to raise a material issue of fact sufficient to defeat summary judgment. Right Now has not presented clear, cogent, and convincing evidence sufficient to overcome the presumption and demonstrate that it was a reasonably ascertainable creditor. Because Right Now was not a reasonably ascertainable creditor, its notice of claim was untimely.

## BACKGROUND

In June 2023, prior to his passing, Gerald D. Hall entered into a home improvement agreement with Home Depot (Agreement) for the purchase and installation of a gas furnace. The contract defined several terms. The "Agreement" was defined, in part, as "the Home Improvement Agreement between You and Home Depot." Clerk's

2

Papers (CP) at 99. The "Service Provider" was defined as "an independent contractor, authorized by Home Depot, and its employees, agents, and subcontractors." CP at 99. The customer's responsibilities included "a) Payment: You agree to pay Home Depot in full for the Services pursuant to the terms of this Agreement." CP at 99.

The contract price and the remaining balance were listed as "$19,335.85." CP at 96. The Agreement further provided: "No funds should be made payable to Service Provider; however, Service Provider may collect Customer's payments made payable to Home Depot." CP at 96.

Hall provided his physical address as the "Job Site Address" and "Customer Address"; the Agreement did not call for a mailing address. The Agreement identified Trademark Mechanical as the Service Provider that would deliver and install the furnace. Right Now does business as Trademark Mechanical.

Right Now delivered and installed the furnace; it then requested payment from Hall. Hall spoke with a representative of Right Now over the phone and explained that payment was delayed because he was waiting for Home Depot to issue him a new credit card. According to Right Now, it sent letters requesting payment to Hall's physical address on July 13 and July 17, 2023. Hall passed away on July 19, 2023.

Hall's daughter opened probate proceedings and was appointed PR of the Estate. She published a notice to creditors in a local newspaper on August 24, 2023.

Eight months after the PR first published notice to creditors, Right Now submitted a creditor's claim to the Estate for the total amount of the Agreement. The PR denied the claim as untimely and Right Now filed a complaint against the Estate, alleging that Hall had entered into a contract with Right Now as the authorized dealer for Home Depot and breached the contract by failing to pay Right Now for services rendered. The complaint also claimed damages under a theory of unjust enrichment.

Before the close of discovery, Right Now moved for summary judgment on its claims. The Estate opposed the motion and requested the court grant summary judgment in favor of the Estate, dismissing Right Now's claims. The PR submitted a declaration to establish due diligence in searching and reviewing the decedent's correspondence:

> [P]osting legal notice of my father's death in newspapers, contacting my father's cell phone provider, paying the bill and cancelling services, contacting his credit cards which were discovered either via mail or found in his personal possessions. These bills were resolved as well, and those accounts were subsequently cancelled or closed. [I] sent Notice to creditors to nine different companies, including Home Depot Credit Services.[1]
>
> I also contacted utility companies to pay any remaining balances and cancel services. I had my father's mail forwarded to my North Carolina address as stated above and responded to any and all correspondence received on behalf of my father. If anything from "Right Now" or

---

[1] The Estate argues that Home Depot had notice of probate and failed to bring a creditor's claim. However, it appears Home Depot Credit Services was identified and notified based on the decedent's credit card statement; Home Depot U.S.A., Inc. was the entity that was party to the Agreement.

"Trademark Mechanical" had been in his papers to be found, I would have included them in the mailings.

CP at 116-17.

The PR also explained that she had not checked Hall's mailbox for mail because Hall used a post office box and had not received mail at his physical address for many years prior to his passing. She further declared that she was unaware of the Agreement until she received the documents from Right Now after it submitted its claim.

Right Now submitted evidence of its efforts to collect payment and declared that the letters it sent the week prior to Hall's passing were not returned as undeliverable.

Following a hearing, the trial court granted Right Now's motion for summary judgment. The court awarded Right Now the amount owed under the Agreement; it also awarded costs, attorney fees, and pre- and post-judgment interest.

The Estate appeals.

ANALYSIS

The Estate contends the court erred by granting summary judgment in favor of Right Now because its claims were time barred and Right Now failed to present clear, cogent, and convincing evidence to establish the prima facie elements of its claims. Right Now argues the court properly determined it was a reasonably ascertainable creditor—thus its claims were not time barred—and further contends the undisputed evidence entitled it to summary judgment.

## A. *Standard of review*

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d

358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only if there are no

genuine issues of material fact and the moving party is entitled to judgment as a matter of

law. *Id.*; CR 56(c). "Questions of fact may be determined as a matter of law 'when

reasonable minds could reach but one conclusion.'" *Owen v. Burlington N. & Santa Fe*

*R.R. Co.*, 153 Wn.2d 780, 788, 108 P.3d 1220 (2005) (quoting *Hartley v. State*, 103

Wn.2d 768, 775, 698 P.2d 77 (1985)). "If reasonable minds can differ, the question of

fact is one for the trier of fact, and summary judgment is not appropriate." *Id*.

When reviewing a civil case in which one of the burdens of proof is clear, cogent,

and convincing evidence, we "'must view the evidence presented through the prism of

the substantive evidentiary burden.'" *Woody v. Stapp*, 146 Wn. App. 16, 22, 189 P.3d

807 (2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505,

91 L. Ed. 2d 202 (1986)). Thus, we must determine "whether, viewing the evidence in

the light most favorable to the nonmoving party, a rational trier of fact could find that the

nonmoving party supported his or her claim with clear, cogent, and convincing

evidence." *Id*.

## B. *Reasonably ascertainable creditor*

"Whether a creditor is reasonably ascertainable has significant implications

regarding the time within which that creditor must present its claims to the estate." *In re*

*Est. of Fitzgerald*, 172 Wn. App. 437, 446, 294 P.3d 720 (2012). "Where a creditor is determined to be reasonably ascertainable, the creditor is allowed 24 months from the decedent's date of death to present its claims." *Id.*; *see* RCW 11.40.051(1)(b)(ii). "If, on the other hand, a creditor is *not* reasonably ascertainable, the creditor must present its claims within four months after the date of first publication of notice to creditors." *Id.*; *see* RCW 11.40.051(1)(b)(i).

A reasonably ascertainable creditor is a creditor that "the [PR] would discover upon exercise of reasonable diligence." RCW 11.40.040(1). The PR is deemed to have exercised reasonable diligence "upon conducting a reasonable review of the decedent's correspondence, including correspondence received after the date of death, and financial records, including personal financial statements, loan documents, checkbooks, bank statements, and income tax returns, that are in the possession of or reasonably available to the [PR]." RCW 11.40.040(1). If the PR conducts the required review, two presumptions arise under RCW 11.40.040(2). First, the PR "is presumed to have exercised reasonable diligence to ascertain creditors of the decedent." RCW 11.40.040(2). Second, "any creditor not ascertained in the review is presumed not reasonably ascertainable." *Id.*; *see Fitzgerald*, 172 Wn. App. at 445. "These presumptions may be rebutted by clear, cogent, and convincing evidence." RCW 11.40.040(2).

The first question under the statutory framework is whether the PR of Hall's

Estate conducted a reasonable review. While reasonableness is typically a question of

fact, it can be resolved "'as a matter of law where reasonable minds could come to only

one conclusion.'" *Kiemle & Hagood Co. v. Daniels*, 26 Wn. App. 2d 199, 220, 528 P.3d

834 (2023) (quoting *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 924, 296 P.3d

860 (2013)). Here, the PR submitted a declaration setting forth the steps she took to

review Hall's correspondence and financial records. Right Now does not dispute the

sufficiency of this review other than to argue that a reasonable review should also include

searching a decedent's mailbox. The PR explained that she did not check the decedent's

physical mailbox because the decedent had not received mail at that address for many

years.

The undisputed evidence demonstrates that the PR's examination of Hall's records

was reasonable. The reasonableness of the review considers the steps taken by the PR

from the PR's perspective in light of the circumstances. *See* RCW 11.40.040(1). Since

the undisputed evidence here demonstrates that the decedent did not receive mail at his

physical mailbox, the PR's failure to check the mailbox for records does not undermine

the reasonableness of the PR's review. Because the PR's review was sufficient and

reasonable, the statute presumes the PR exercised reasonable diligence. *See id.*

The next question is whether Right Now's claims were ascertained during the exercise of reasonable diligence. RCW 11.40.040(2). Right Now argues that its claims were ascertained because the PR discovered a copy of the Agreement. The PR disputes this claim, but for purposes of evaluating the Estate's motion for summary judgment, we assume that she found a copy of the Agreement.

"[A] party seeking to establish a claim against an estate for services rendered to the decedent during [their] lifetime has the burden of proving an express or implied contract to pay for the services, and the evidence to support such claim must be clear, cogent, and convincing." *Richards v. Pac. Nat. Bank of Wash.*, 10 Wn. App. 542, 543, 519 P.2d 272 (1974). Here, the Agreement clearly provides that the parties to the contract are the decedent and Home Depot. Right Now is identified as only a service provider. The Agreement required the decedent to pay Home Depot for the services and specifically prohibited the decedent from paying the Service Provider directly. Even assuming the PR discovered the Agreement during her review of the decedent's records, the Agreement did not and would not provide clear, cogent, and convincing evidence of a contract claim by Right Now because Right Now was not listed as either a party or payee to the Agreement.

Nor would discovery of the Agreement provide notice of Right Now's claims for unjust enrichment.[2]  An unjust enrichment claim is based on an implied contract between parties.  *Lavington v. Hillier*, 22 Wn. App. 2d 134, 143, 510 P.3d 373 (2022).  "The cause of action allows a plaintiff to recover for the value of a benefit the defendant retained even though there is no formal contractual relationship, based on equity and fairness."  *Id.* at 143-44.

Discovery of the Agreement would not give notice of an implied contract with Right Now.  To the contrary, the Agreement informed the decedent that Right Now would be paid by Home Depot.  The Agreement also recognized that if Home Depot did not pay, the Service Provider could file notice of a mechanic's lien on the decedent's property.  Had Right Now filed a notice of lien on the decedent's property, it would have provided notice to the PR of Right Now's claim for unjust enrichment.  But claims that are not evident from the decedent's records are not considered readily ascertainable.  *See Fitzgerald*, 172 Wn. App. at 451 (ascertainable claims by one creditor did not alert PR to potential claims by a different unnamed creditor).

---

[2] While unnecessary to our resolution of this case, the trial court erred by granting summary judgment to Right Now on its claims for unjust enrichment and breach of contract.  A claim for unjust enrichment cannot coexist with a claim for breach of contract on the same set of facts.  *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 603-04, 137 P.2d 97 (1943).  Because the claims were asserted on the same set of facts, the trial court's rulings are incompatible.

Since Right Now's claims were not ascertained through the PR's exercise of reasonable diligence, there is a presumption that Right Now is not a reasonably ascertainable creditor. To overcome this presumption, Right Now must present clear, cogent, and convincing evidence that it was reasonably ascertainable. On summary judgment, we consider whether, viewing the evidence in the light most favorable to Right Now, a rational trier of fact could find that Right Now demonstrated by clear, cogent, and convincing evidence that it was a reasonably ascertainable creditor. *See Woody*, 146 Wn. App. at 22. Unlike our focus on what constitutes a reasonable review from the PR's perspective, this step in the framework also considers what steps Right Now took to make itself known as an ascertainable creditor.

We conclude that the evidence presented by Right Now fails to demonstrate that a rational trier of fact could find that Right Now was a reasonably ascertainable creditor. The only steps Right Now took to give notice of its claim consisted of phone calls with the decedent and two letters mailed in quick succession to the physical address shortly before the decedent's passing. Nothing in this record suggests that phone calls with the decedent would put the PR on notice of a claim. Nor is there any evidence that the two letters actually succeeded in giving notice to the PR. Although Right Now contends that its letters were not returned, Right Now does not indicate that it did anything to follow up when it received no response from the decedent.

Not only did Right Now fail to show evidence of actual notice to the PR, but its efforts fall short of demonstrating clear, cogent, and convincing evidence that it was reasonably ascertainable. As the Agreement between Home Depot and the decedent suggested, one of the most effective ways for a service provider (or subcontractor) to give notice to a property owner of its claim is to give notice of the right to claim a mechanic's lien pursuant to chapter 60.04 RCW.[3] But even under this chapter, notice to the homeowner of a potential lien must be provided by certified or registered mail or personal delivery. RCW 60.04.031(1). While we do not hold that a Service Provider is required to file notice of a lien in order to provide notice under RCW 11.04.040, we recognize that a creditor's notice of its claim by way of certified or registered mail or

---

[3] During argument on the competing motions, the superior court commented that the Estate's argument that Right Now could have filed notice of a potential mechanic's lien on the property was essentially a concession that Right Now was a party to the contract. This is a misstatement of the law and directly contradicted by the statute. The mechanic's lien chapter provides protection for subcontractors who *do not* contract directly with a property owner and ensures that they are paid. *See Int'l Com. Collectors, Inc. v. Mazel Co.*, 48 Wn. App. 712, 714, 740 P.2d 363 (1987) ("In private projects rather than the materialmen, laborers or contractors being relegated to actions against their employers or contractors, another remedy is provided by giving a lien to those entitled to one against the property itself—which means in effect against the owner of the property who, however, may not have contracted with any of the parties entitled to a lien."); RCW 60.04.031(3) ("Persons who furnish professional services, materials, or equipment in connection with the repair, alteration, or remodel of an existing owner-occupied single-family residence or appurtenant garage: . . . (b) Who *do not contract directly with the owner-occupier* or their common law agent shall give notice of the right to claim a lien to the owner-occupier." (Emphasis added.))

personal delivery is much more compelling evidence that a creditor was reasonably ascertainable when there is no contract between a subcontractor and the property owner.

We hold that the undisputed evidence shows that the PR conducted a reasonable review of the decedent's correspondence and financial records, which raises the presumption that the PR exercised reasonable diligence. We also conclude that through her exercise of reasonable diligence, the PR did not discover or would not discover the existence of Right Now's claim against the Estate and thus it is presumed that Right Now was not a reasonably ascertainable creditor. Right Now fails to overcome this presumption with clear, cogent, and convincing evidence that it was a reasonably ascertainable creditor. Because it was not a reasonably ascertainable creditor, its notice of claim was untimely. Since we conclude that Right Now's claim was untimely, it is unnecessary to determine the merits of its claims for contract damages and unjust enrichment.

We reverse the trial court's order granting Right Now's motion on summary judgment. In addition, we reverse the trial court's order denying the Estate's motion for summary judgment and remand with instructions to enter judgment in favor of the Estate.

_____
Staab, C.J.

WE CONCUR:

_____          _____
Hill, J.                                                      Murphy, J.

13